UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**FILED**

MAR 2 2 2005

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHELE M. DiGIORGI      :
                                  :

v.                      :     C.A. No. 04-209T
                                  :

JO ANNE B. BARNHART, Commissioner, :
Social Security Administration      :

## REPORT AND RECOMMENDATION

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on May 26, 2004 seeking to reverse the decision of the Commissioner. Plaintiff has filed a Motion seeking to reverse the Commissioner's decision and remand for further proceedings under sentence four of 42 U.S.C. § 405(g). The Commissioner has filed a Motion to Affirm her decision. This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B). Based upon my review of the entire record, my independent legal research, and the legal memoranda filed by the parties, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that the Commissioner's Motion to Affirm (Document No. 8) be DENIED and that Plaintiff's Motion for Remand (Document No. 7) be GRANTED.



## I.    PROCEDURAL HISTORY

Plaintiff applied for DIB with a constructive filing date of June 6, 2001, alleging that she became disabled on September 19, 1994. (Tr. 145-148). Her application was denied initially (Tr. 85, 87-90) and on reconsideration. (Tr. 86, 94-97). A hearing was held before Administrative Law Judge ("ALJ") Martha Bower on March 17, 2003. (Tr. 37-84). The ALJ issued a decision, finding Plaintiff not disabled, on June 19, 2003. (Tr. 17-25).[1] The ALJ's decision became the "final decision of the Commissioner" when the Appeals Council denied Plaintiff's request for review on March 30, 2004. (Tr. 6-7).

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the Commissioner's decision should be reversed because the ALJ improperly concluded that her past work as a sandwich maker was "past relevant work." Plaintiff contends that her brief employment in that capacity does not constitute "substantial gainful activity" under 20 C.F.R. § 404.1574(b)(3). Plaintiff also argues that the ALJ improperly failed to make certain other required findings necessary to support her decision. Although the Commissioner concedes some of Plaintiff's claims of error, she argues that there is substantial evidence in the record as a whole to support her decision that Plaintiff is not entitled to disability benefits.

## III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as

---

[1] Plaintiff represents that after the ALJ's decision issued, Plaintiff applied for and was granted Supplemental Security Income benefits based on a disability date of June 1, 2003. (Tr. at 389-391).

a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Services, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Services, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law, or if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey v. Barnhart, 276 F.3d at 8.  To remand under sentence four, the court must either find that the

Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-10 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman v. Barnhart, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material – relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-92 (11th Cir. 1996).

A sentence six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. Jackson, 99 F.3d at 1095. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Jackson, 99 F.3d at 1095. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

## IV.   DISABILITY DETERMINATION

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.   Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported

by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Services, 848 F.2d 271, 275-76 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(d)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Services, 816 F.2d 792, 794 (1st Cir. 1987).

**B.     Developing the Record**

The ALJ has a duty to fully and fairly develop the record.   Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Services, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty v. Sullivan, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

**C.     Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Services, 758 F.2d 14, 17 (1st Cir. 1985).

**D.     The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not

disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at Steps One through Four, but the Commissioner bears the burden at Step Five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (Five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey v. Barnhart, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Services, 686 F.2d 76 (1st Cir. 1982). 42 U.S.C. §§ 416(i)(3); 423(a), (c). If

-8-

a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey v. Barnhart, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines [the "grids"]. Seavey v. Barnhart, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen v. Chater, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty v. Sullivan, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker,

-9-

641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment." Nguyen v. Chater, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4)    Treatment, other than medication, for relief of pain;
>
> (5)    Functional restrictions; and
>
> (6)    The claimant's daily activities.

-10-

Avery v. Sec'y of Health and Human Services, 797 F.2d 19, 29 (1ˢᵗ Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg v. Apfel, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia v. Sec'y of Human Services, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Services, 803 F.2d 24 (1ˢᵗ Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11ᵗʰ Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11ᵗʰ Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11ᵗʰ Cir. 1983)).

### V.    APPLICATION AND ANALYSIS

Plaintiff was forty-seven years old at the time of the ALJ's decision. (Tr. at 146). She has a high school education and has previously worked as a microfilmer, hostess, receptionist, and sandwich maker. (Tr. at 44-47, 156, 181-186). Plaintiff's application was based primarily on a

claimed "psychiatric disability." (Tr. at 41). She alleges that disability commenced with the birth of her only son on September 19, 1994, and consists of anxiety, panic attacks and agoraphobia.

The ALJ found that Plaintiff has an impairment or combination of impairments considered "severe" pursuant to 20 C.F.R. § 404.1520(b). (Tr. at 25). However, she also found that Plaintiff's allegations regarding her limitations were "not totally credible" for reasons set forth in her decision. Id. The ALJ decided the case at Step Four by finding that Plaintiff's past relevant work as a sandwich maker did not require the performance of work-related activities precluded by her residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 404.1565. Based on this conclusion, the ALJ did not specifically shift the burden of proof to the Commissioner and make any findings under Step Five. 20 C.F.R. § 404.1520(f).

Plaintiff initially argues that the ALJ's decision is not supported because she did not have any "past relevant work" as a sandwich maker. She correctly points out that in order for a job to be "past relevant work," it must constitute "substantial gainful activity." 20 C.F.R. § 404.1560(b)(1). In fact, at the hearing, the Vocational Expert ("VE") advised the ALJ that Plaintiff only worked as a sandwich maker for "two weeks, two hours a day" and stated "I don't know if you want to consider that." (Tr. at 80). Despite this disclosure, the ALJ stated "[w]ell, just give it to me" and ultimately based her Step Four finding erroneously on that short-term position. The Commissioner agrees, as she must based on the record, that the ALJ erred in finding no disability at Step Four because Plaintiff's prior short-term work as a sandwich maker did not rise to the level of "substantial gainful activity" as required. However, after agreeing that the record does not support the ALJ's explicit finding under Step Four, the Commissioner essentially argues that this Court should review the

-12-

record independently, shift the burden and conclude that the error was harmless because the record supports a Step Five finding of no disability.

The Commissioner's defense of the ALJ's non-disability finding is akin to an erector set of "harmless error" defenses. In addition to the argument set forth above, the Commissioner argues that "[a]ny error in the ALJ's failure to issue a specific Step Five finding does not undermine the underlying validity of the overall decision." Def.'s Mem. at p. 18. The Commissioner cites only a 1943 Supreme Court decision not decided under the Act in support of this argument. The Commissioner asserts that the ALJ "clearly disclosed" the VE's Step Five testimony as one of the grounds for her decision.

This Court does not agree that the ALJ made any such "clear disclosure" in her decision. The ALJ merely notes that the VE testified about other jobs in the national economy which Plaintiff could perform. The ALJ did not, however, undertake any detailed analysis of that testimony and did not make any findings regarding that testimony or Step Five. Further, the Commissioner fails in any way to account for the fact that the burden of proof shifts to her at Step Five and that the ALJ made absolutely no findings which indicate that she did or would conclude that the Commissioner met her burden. The Commissioner is effectively asking this Court to step into the ALJ's shoes and make a Step Five finding for her. This Court does not believe it is appropriate for it to do so in this case.

Plaintiff reinforces this Court's initial conclusion with two arguments. First, Plaintiff contends that the ALJ failed to affirmatively inquire about potential conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Social Security Ruling ("SSR") 00-4p provides, in part, that:

-13-

> When a VE...provides evidence about the requirements of a job or
> occupation, the adjudicator has an affirmative responsibility to ask
> about any possible conflict between that VE...evidence and
> information provided in the DOT. In these situations, the adjudicator
> will:
>
> > – Ask the VE...if the evidence he or she has provided
> > conflicts with information provided in the DOT; and
> >
> > – If the VE's...evidence appears to conflict with the
> > DOT, the adjudicator will obtain a reasonable
> > explanation for the apparent conflict.

The SSRs are binding on the ALJ. 20 C.F.R. § 402.35(b)(1). It is undisputed that the ALJ did not

inquire about the existence of any conflicts between the VE's testimony and the DOT. "Courts in

this Circuit, like the Third Circuit, have interpreted SSR 00-4p as requiring the ALJ to ask if a

conflict exists and to explain an apparent conflict." Mead v. Barnhart, 2004 WL 2580744 at *2 (D.

N.H. 2004) (citations omitted). While this Court does not conclude that the mere failure to inquire

requires remand in every case, see Jones v. Barnhart, 364 F.3d 501 (3rd Cir. 2004), it cannot conclude

with confidence that such failure is "harmless error" in this case due to the ALJ's failure to even

reach Step Five of the disability evaluation. The Commissioner correctly points out that Plaintiff

has not identified any potential conflict between the VE's testimony and the DOT. However, it is

undisputed that the ALJ did not make the required inquiry and it is unclear whether she fully

developed the record in that regard since she based her final decision on Plaintiff's failure to meet

her burden at Step Four. (Tr. at 79-84).

Although the record may ultimately support a finding of non-disability at either Step Four

or Step Five, this Court declines the Commissioner's invitation to step into the ALJ's shoes and

rework her decision to overcome at least two errors deemed "harmless" by the Commissioner. This

Court does not discount the difficulty of the ALJ's job duties given the high number and complexity of the cases presented. In addition, this Court notes that the ALJ thoroughly reviewed and analyzed the record in finding that the Plaintiff's allegations "regarding her limitations are not totally credible." (Tr. at 25). This Court, however, does not believe it is appropriate under the specific facts and posture of this case for the Court to undertake an independent review of the record and make a Step Five finding in view of the admitted error in the ALJ's Step Four finding and her failure to follow SSR 00-4p.

## VI.    CONCLUSION

For the reasons stated above, I recommend that the Commissioner's Motion to Affirm (Document No. 8) be DENIED and that the Plaintiff's Motion for Remand (Document No. 7) be GRANTED. I further recommend that the District Court enter Final Judgment for Plaintiff reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanding this matter for additional proceedings consistent with this opinion.

LINCOLN D. ALMOND
United States Magistrate Judge
March 21, 2005

Accepted in the absence
of an objection.
Ernest C. Jones

Ernest C. Torres
Chief, US District Judge
Date: 9/20/05

-15-